

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: 214.987.3800
Facsimile: 214.987.3927
www.ogletreedeakins.com

Ron Chapman, Jr.
214.369.9216
ron.chapman@ogletreedeakins.com

*Board Certified – Labor and Employment Law
Texas Board of Legal Specialization*

February 22, 2013

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth
Circuit
600 South Maestri Place
New Orleans, Louisiana 70130-3408

> RE: Case No. 12-60031, *D.R. Horton, Inc. v. NLRB*,
> **Letter Brief of Petitioner/Cross-Respondent D.R. Horton, Inc.**

Dear Mr. Cayce:

D. R. Horton, Inc. ("D.R. Horton") respectfully submits this letter brief pursuant to the Court's directive dated February 8, 2013, instructing the parties to analyze and discuss the following questions:

(1) Whether the panel must consider, for jurisdictional or other reasons, whether the recess appointment of Craig Becker was valid; and

(2) Whether the validity of the appointment should be resolved by the panel even if there is no necessity of doing so.

The answer to both questions is "no" because the Court can and should vacate the NLRB's underlying order for other reasons.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

## **BACKGROUND**

On January 25, 2013, the D.C. Circuit vacated an order of the NLRB on the ground that the NLRB lacked a quorum when it issued the order. The D.C. Circuit found the NLRB lacked a quorum beginning at least as early as January 4, 2012, because the President's attempted recess appointments of three new members to the NLRB on that date were invalid. *See Noel Canning v. NLRB*, No.12-1115, --- F.3d ----, 2013 WL 276024, at *8-24 (D.C. Cir. Jan. 25, 2013). The D.C. Circuit found (1) the Recess Appointments Clause of the United States Constitution applies only to intersession recesses, not to recesses within a session, *id.* at *16; (2) the Clause authorizes the President to fill only vacancies that arise during such a recess, not vacancies that arose prior to the recess, *id.* at *21; and (3) the President's power to appoint an officer to fill such a vacancy expires at the end of the recess in which the vacancy arose, *id.* at *23. The Court held the three vacancies at issue did not "happen" during the Senate's recess and the President's purported appointments to the NLRB did not occur during that recess as required under the Recess Appointments Clause. *Id*. at *16 & *23; *see* U.S. CONST. art. II, § 2, cl. 3.

*Noel Canning* demonstrates that the NLRB also lacked a quorum when it issued its Decision and Order in this case on January 3, 2012 (the "Order"). At

February 22, 2013
Page 3

that time, the NLRB had only three purported members, one of whom was Mr. Becker. However, under *Noel Canning*, Mr. Becker's recess appointment to the NLRB on March 27, 2010, also was invalid. The vacancy that Mr. Becker was appointed to fill did not arise during the Senate's recess but rather had been vacant for over two years. *See* Members of the NLRB since 1935, available at http://www.nlrb.gov/members-nlrb-1935 (last visited Feb. 20, 2013). In addition, the President did not appoint Mr. Becker during an intersession recess, but rather during an intrasession break. *See* Press Release, White House, President Obama Announces Recess Appointments to Key Administrative Positions (Mar. 27, 2010), available at http://www.whitehouse.gov/the-press-office/president-obama-announces-recess-appointments-key-administration-positions (last visited Feb. 20, 2013); Days in Session Calendars U.S. Senate - 111th Congress 2nd Session, available at http://thomas.loc.gov/home/ds/s1112.html (last visited Feb. 20, 2013); Dates of Sessions of the Congress, present-1789, available at http://www.senate.gov/reference/Sessions/sessionDates.htm#2 (last visited Feb. 20, 2013). Therefore, when the NLRB issued its Order in this case, it had only two properly appointed members[1] and no quorum to act. *See New Process Steel, L.P. v. NLRB*, 560 U.S. ___, 130 S. Ct. 2635 (2010).

---

[1] The other two members at the time were Mark Gaston Pearce and Brian Hayes. (Order at p.14) In contrast to Mr. Becker, Mr. Hayes was confirmed by the Senate on June 22, 2010 to a term

# **ARGUMENT**

## I. Because there are non-constitutional grounds to set aside the NLRB's Order, the Court need not reach the question whether Mr. Becker's recess appointment was invalid.

Although *Noel Canning* illustrates one more reason why the NLRB's Order must be set aside, the invalidity of Mr. Becker's appointment is only one of many reasons for this Court to do so. The other reasons for setting it aside, as detailed in D.R. Horton's prior briefs and those of its amici, are based primarily on the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* This Court therefore has ample non-constitutional grounds to grant D.R. Horton's petition for review and deny the NLRB's cross-application for enforcement.

### A. The Court does not need to reach the constitutional issues relating to Mr. Becker's appointment to set aside the NLRB's Order.

The Court would need to address the validity of Mr. Becker's appointment – which raises constitutional questions – only if there were no other reasons for the

---

that ended on December 16, 2012. *See* NLRB, Who We Are: Brian Hayes available at http://www.nlrb.gov/who-we-are/board/brian-hayes (last visited on Feb. 20, 2013). Similarly, Mr. Pearce was recess-appointed on March 27, 2010, and subsequently confirmed by the Senate on June 22, 2010 to a term ending on August 27, 2013. *See* NLRB, Who We Are: Mark Gaston Pearce, available at http://www.nlrb.gov/who-we-are/board/mark-gaston-pearce-chairman (last visited Feb. 20, 2013); Press Release, White House, President Obama Announces Recess Appointments to Key Administrative Positions (Mar. 27, 2010), available at http://www.whitehouse.gov/the-press-office/president-obama-announces-recess-appointments-key-administration-positions (last visited Feb. 20, 2013).

Court to refuse to enforce the NLRB's Order. It is well established that this Court "must avoid deciding a constitutional issue 'if there is also present some other ground upon which the case may be disposed of.'" *St. Joseph Abbey v. Castille*, 700 F.3d 154, 165 (5th Cir. 2012) (citation omitted); *see County Court of Ulster County v. Allen,* 442 U.S. 140, 154 (1979) (courts have a "strong duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration."); *Burton v. United States*, 196 U.S. 283, 295 (1905) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."); *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter."); *Noel Canning*, 2013 WL 276024, at *1 ("Before we can even consider the constitutional issues, however, we must first rule on statutory objections to the Board's order raised by Noel Canning.").

Here, the Court may set aside the NLRB's Order on one or more non-constitutional grounds as set forth in D.R. Horton's opening and reply briefs, thereby avoiding the necessity of reaching the constitutional issues relating to the validity of Mr. Becker's appointment.

### B. The Court has jurisdiction to deny enforcement of the NLRB's Order without deciding whether Mr. Becker's appointment was invalid.

The Court also does not need to decide whether Mr. Becker's appointment was valid to establish it has jurisdiction to set aside the NLRB's Order. This Court's jurisdiction is founded on Section 10(e) and (f) of the NLRA. Section 10(f) provides:

> Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside.

29 U.S.C. § 160(f). Section 10(e) further provides:

> Upon the filing of such petition, the court . . . shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the Board.

29 U.S.C. § 160(e).

There is no question D.R. Horton is aggrieved by the NLRB's Order and has properly petitioned this Court for review under Section 10(f). This Court thus has jurisdiction to review the NLRB's Order and the power to set aside that Order as it deems just and proper.

## II. The Court also should decline to reach the question of whether Mr. Becker's appointment was constitutional for practical reasons.

The NLRB's unprecedented decision that individual arbitration agreements between NLRA-covered employees and employers are unenforceable significantly impacts D.R. Horton, the business community, and employers and employees generally. The NLRB's Order renders unlawful individual employment arbitration agreements between the vast majority of employees and employers nationwide. The broader significance of this case is demonstrated, in part, by the many amicus briefs filed herein and by the decisions of dozens of federal and state courts cited during these proceedings in which courts are presently grappling with the NLRB's decision. This Court's ruling on the substantive issues raised by the NLRB's Order undoubtedly will affect not only the parties to this case but also D.R. Horton's other employees with similar agreements, employers across the country that remain uncertain of the legal requirements with which they must comply, and the numerous other federal and state courts considering arguments based on the NLRB's Order.

D.R. Horton respectfully submits if the Court holds, as it should, that the NLRB's Order must be set aside because it is wrong on the merits, then it would be prudent for the Court to reserve the question of the validity of Mr. Becker's appointment. In addition to the above precedent mandating the avoidance of

constitutional questions, there are practical reasons not to reach those questions here: a decision regarding the validity of Mr. Becker's appointment will provide a ground for appeal that might otherwise be avoided, likely delaying the finality of the Court's ruling on the other extremely important issues presented. Such delay would prolong employers and employees' uncertainty and confusion regarding the enforceability and lawfulness of class action waivers in individual employment arbitration agreements, leading to further costly litigation and delay in resolving employee disputes, directly contrary to the FAA's purposes.

### III. The Court could reach the question whether Mr. Becker's appointment was constitutionally invalid.

Finally, in the unlikely event this Court rejects all of D.R. Horton's non-constitutional arguments for vacating the NLRB Order and therefore reaches the constitutional issues, this Court has jurisdiction to reach the question of whether Mr. Becker's appointment was invalid and the NLRB thus lacked a quorum. Courts of appeals, in reviewing NLRB decisions, have jurisdiction to consider objections that have not been presented to the NLRB if "the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 29 U.S.C. § 160(e). Courts have found excusable "extraordinary circumstances" include objections that the NLRB lacked authority to act when it issued an order under review.

In *Noel Canning*, for instance, the D.C. Circuit considered the exact same question – whether the President's recess appointments to the NLRB were valid and thus whether the NLRB had a quorum when it issued the decision under review – even though the employer had not raised this objection to the NLRB. 2013 WL 276024, at *5-6. The D.C. Circuit relied in part on the Supreme Court's observation in *NLRB v. Cheney California Lumber Co.*, 327 U.S. 385, 388 (1946) that a court cannot enforce an order that the NLRB had no authority to issue simply because an objection on this ground was not first raised below. The *Cheney* Court noted that "if the Board has patently traveled outside the orbit of its authority" then "there is, legally speaking, no order to enforce." *Cheney Cal. Lumber Co.*, 327 U.S. at 388. Following this reasoning, the D.C. Circuit in *Noel Canning* found the employer's objections concerning lack of a quorum "raise questions that go to the very power of the Board to act and implicate fundamental separation of powers concerns." *Noel Canning*, 2013 WL 276024, at *6. The court held such objections were covered by Section 10(e)'s "extraordinary circumstances" exception and properly before the court. *Id.*

Other courts have similarly applied the "extraordinary circumstances" exception. *See, e.g.*, *Carroll Coll., Inc. v. NLRB*, 558 F.3d 568, 574 (D.C. Cir. 2009) (court of appeals could consider whether NLRB lacked authority under the

First Amendment to order religious school to bargain collectively under the NLRA even though college did not raise this jurisdictional objection below); *Michigan Cmty. Servs., Inc. v. NLRB*, 309 F.3d 348, 360 (2002) ("Failure to file exceptions does not confer jurisdiction on the Board if the order is beyond the scope of its statutory authority.") (citation omitted).

The same reasoning applies here and establishes that the Court has jurisdiction to consider the validity of Mr. Becker's appointment. Because the appointment was invalid and the NLRB lacked a quorum to issue its Order in this case, the Order "is void *ab initio*." *Cf. Noel Canning*, 2013 WL 276024, at *1. There is no order for the Court to enforce.

Indeed, the NLRB already has recognized in this case, albeit implicitly, that the "extraordinary circumstances" exception applies to questions concerning the NLRB's quorum to act. In its opening brief, D.R. Horton argued the NLRB lacked a quorum because Mr. Becker's appointment expired before the NLRB issued its order in this case. (Opening Br. at p.59-61) The NLRB has never argued Section 10(e) bars the Court from considering that quorum question. (*See* NLRB's Br. at p.48-54) The same is true with respect to whether the NLRB lacked a quorum due to the invalidity of Mr. Becker's appointment.

Moreover, the fact that the D.C. Circuit decided *Noel Canning* well after D.R. Horton filed its opening and reply briefs in this case clearly explains the absence of any such arguments in D.R. Horton's first two briefs. As the NLRB has acknowledged, *Noel Canning* constitutes new authority for finding Mr. Becker's appointment invalid. By its Rule 28(j) letter dated January 29, 2013, D.R. Horton notified this Court of the implications of *Noel Canning* within four days of the D.C. Circuit issuing the decision. Should this Court reject the myriad non-constitutional grounds for vacating the NLRB's Order, the Court then should allow the parties to file supplemental briefs on the constitutional issues and consider them in due course.

For these reasons, D.R. Horton respectfully urges the Court to set aside the NLRB's Order on its merits. D.R. Horton also seeks any further relief to which it may be entitled.

                                                     Respectfully submitted,

                                                     s/Ron Chapman, Jr.
                                                     Ron Chapman, Jr.

February 22, 2013
Page 12

## CERTIFICATE OF SERVICE

    I certify that on this 22nd day of February, 2013, I caused the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all parties or their counsel through the CM/ECF system.

                                        /s/ Ron Chapman, Jr.
                                        Ron Chapman, Jr.

14426904.2