

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone:  214.987.3800
Facsimile:  214.987.3927
www.ogletreedeakins.com

Ron Chapman, Jr.
214.369.9216
ron.chapman@ogletreedeakins.com

*Board Certified – Labor and Employment Law
    Texas Board of Legal Specialization*

June 24, 2013

Mr. Lyle W. Cayce, Clerk
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana  70130-3408

> RE:    *D.R. Horton, Inc. v. NLRB*, Case No. **12-60031**
>          Citation of supplemental authorities pursuant to Rule 28(j) of the Federal Rules
>          of Appellate Procedure

Dear Mr. Cayce:

D.R. Horton submits this letter under Fed. R. App. P. 28(j) and 5th Cir. R. 28.4.

*American Express Co. v. Italian Colors Restaurant*, __ U.S. __, 2013 WL 3064410 (June 20, 2013) emphatically rejects the NLRB's arguments here and effectively disposes of this case.

First, the Court found the FAA's mandate to enforce arbitration agreements was not "overridden by a contrary congressional command" because the statutes at issue "make no mention of class actions.  In fact, they were enacted decades before the advent of Federal Rule of Civil Procedure 23, which was 'designed to allow an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'  The parties here agreed to arbitrate pursuant to that 'usual rule,' and it would be remarkable for a court to erase that expectation."  *Id.* at *__ (citations omitted).  The same reasoning applies to the NLRA. (Opening Br. 21-23; Reply Br. 20-22)

Second, *American Express* rejected the claim that "federal law secures a nonwaivable opportunity to vindicate federal policies by satisfying the procedural strictures of Rule 23 or invoking some other informal class mechanism in arbitration," 2013 WL 3064410, at *4, the same argument made by the NLRB.  (R. 556)

Third, *American Express* confirms that the "effective vindication" exception under the FAA voids only those arbitration agreements that waive a party's "right to pursue statutory remedies,"   2013 WL 3064410, at *5, thereby refuting the NLRB's attempt to apply this

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville
Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

June 24, 2013
Page 2

exception even though Cuda could pursue FLSA remedies in individual arbitration. (R. 556 & n.23)

Finally, two more courts have rejected the NLRB's *D.R. Horton* decision. *Brown v. Superior Court*, 2013 WL 2449501, at *6-7 (Cal. Ct. App. June 4, 2013); *Leos v. Darden Restaurants, Inc.*, 2013 WL 2420473, at *11 (Cal. Ct. App. June 4, 2013).

Respectfully submitted,

s/Ron Chapman, Jr.

Ron Chapman, Jr.

cc:     Counsel of record (by the Court's electronic filing system)

RCjr/slm

15324514.1